# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 00-60230
Summary Calendar

—————————

IN THE MATTER OF:

JOHN A. SALTER,

Debtor.

JOHN A. SALTER,

Appellant,

VERSUS

INTERNAL REVENUE SERVICE,

Appellee.

—————————

Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CV-287-BN)

—————————

September 11, 2000

Before SMITH, BENAVIDES, and
    DENNIS, Circuit Judges.

PER CURIAM:[*]

—————————

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Salter challenges the dismissal of his bankruptcy appeal for failure to prosecute and, in the alternative, on the ground of res judicata. We affirm.

## I.

The instant voluntary petition for relief under chapter 13 of the Bankruptcy Code, the second such petition filed by Salter, was dismissed by the bankruptcy court in January 1999. Salter filed a *pro se* notice of appeal on March 1, 1999. Based on, *inter alia*, his failure timely to file a brief as required by FED. R. BANKR. P. 8009, the district court dismissed his appeal on March 9, 2000.

We review for abuse of discretion a district court's dismissal for failure timely to file an opening appellate bankruptcy brief. *See In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985). Salter raises a myriad of arguments, including allegations of denial of due process and of fraud on the part of the Internal Revenue Service, the bankruptcy court, and the district court. With regard to the reason for dismissal, however, he merely asserts that his failure to submit a brief was not "a matter of willful omission;" he incorrectly claims that the court did not, in the alternative, rule on the merits.

These assertions do not refute the persuasive finding that Salter's failure to file a brief for almost a full year was a dilatory tactic, and we therefore affirm the district court's dismissal on that ground, essentially for the reasons given in the district court's comprehensive opinion. We have no reason to reach the alternative ground of res judicata.

AFFIRMED.

2